UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN

| | | |
|---|---|---|
| DEREK MORTLAND, | ) | CASE NO.: _____ |
| | ) | |
| Plaintiff, | ) | JUDGE _____ |
| | ) | |
| vs. | ) | **COMPLAINT FOR INJUNCTIVE** |
| | ) | **RELIEF AND DAMAGES:** |
| | ) | |
| GR SOUTH HOSPITALITY, LLC, | ) | **1ST CAUSE OF ACTION:** For Denial of |
| | ) | Access by a Public Accommodation in |
| Defendant. | ) | Violation of the Americans with Disability |
| | ) | Act of 1990 ("Title III" and "ADA"), |
| | ) | 42 U.S.C. §§ 12181 *et seq*. |
| | ) | |
| | ) | **2ND CAUSE OF ACTION:** For Denial of |
| | ) | Access by a Public Accommodation in |
| | ) | Violation of Michigan Persons with |
| | ) | Disabilities Civil Rights Act M.C. L. |
| | ) | 37.1301, *et seq*. |

Plaintiff Derek Mortland Complains of Defendant GR South Hospitality, LLC, and

alleges as follows:

**INTRODUCTION:**

1.      This is a civil rights action for discrimination against persons with physical

disabilities, of which plaintiff is a member of, for failure to remove architectural barriers

structural in nature at Defendant's property, a place of public accommodation, thereby

discriminatorily denying plaintiff access to, the full and equal enjoyment of, opportunity to

participate in, and benefit from, the goods, facilities, services, and accommodations thereof.

Plaintiff seeks injunctive relief and damages pursuant to the Americans with Disability Act of

1990 ("title III" AND "ADA"), 42. U.S.C. §§ 12181 *et seq.*, and the Michigan Persons with

Disabilities Civil Rights Act M.C.L 37.1301, *et seq.*

2.      Plaintiff Derek Mortland is a person with physical disabilities who, on or about

COMPLAINT

June 22, 2023, through June 23, 2023, was an invitee, guest, patron, or customer at Defendant's property, which houses a Super 8 by Wyndham hotel, located at 689 Super 8 Way, Three Rivers, MI 49093. At said time and place, Defendant failed to provide proper legal access to the property, which is a public accommodation and/or public facility. The denial of access was in violation of both federal and Michigan legal requirements, and Mr. Mortland suffered violations of his civil rights to full and equal access and was embarrassed and humiliated.

**JURISDICTION AND VENUE:**

3.     **Jurisdiction**: This Court has jurisdiction of this action pursuant to 28 U.S.C. §1331 for violations of the Americans with Disabilities Act of 1990, 42 U.S.C. §12101, et seq. Pursuant to pendant jurisdiction, attendant and related causes of action, arising from the same nucleus of operative facts and arising out of the same transactions, are also brought under parallel Michigan law, whose goals are closely tied with the ADA, including but not limited to violations of the Michigan Persons with Disabilities Civil Rights Act M.C.L 37.1301, *et seq.*

4.     **Venue**: Venue is proper in this court pursuant to 28 U.S.C. §1391(b) and is founded on the facts that the real property which is the subject of this action is located in this district, in the City of Three Rivers, County of St Joseph, State of Michigan and that plaintiff's causes of action arose in this district.

**PARTIES:**

5.     Plaintiff Derek Mortland is a "physically handicapped person," a "physically disabled person," and a "person with physical disabilities." (Hereinafter the terms "physically disabled," "physically handicapped" and "person with physical disabilities" are used interchangeably, as these words have similar or identical common usage and legal meaning.) Mr. Mortland is a "person with physical disabilities," as defined by all applicable Michigan and

COMPLAINT

United States laws. Mr. Mortland requires the use of a wheelchair to travel about in public. Consequently, Mr. Mortland is a member of that portion of the public whose rights are protected by the Michigan Persons with Disabilities Civil Rights Act M.C.L 37.1301, *et seq.*

6.   Defendant GR South Hospitality, LLC, a Michigan limited liability company, is the owner and operator, lessor and/or lessee, or agent of the owner, lessor and/or lessee, of the building and/or buildings which constitute a public facility in and of itself, occupied by a Super 8 by Wyndham hotel, a public accommodation, located at/near 689 Super 8 Way, Three Rivers, MI 49093, and subject to the requirements of Michigan state law requiring full and equal access to public facilities pursuant to the Michigan Persons with Disabilities Civil Rights Act M.C.L 37.1301, *et seq.*, and subject to the Americans with Disability Act of 1990 ("TITLE III" AND "ADA"), 42. U.S.C. §§ 12181 *et seq.*, and to all other legal requirements referred to in this complaint.

7.   At all times relevant to this complaint, Defendant is the lessee, or agent of the lessee, and/or lessor, of said premises, and owns and operates the subject Super 8 by Wyndham hotel as a public facility at/near 689 Super 8 Way, Three Rivers, MI 49093. The business, the Super 8 by Wyndham hotel is open to the general public and conducts business therein. The business operating on said premises is a public accommodation subject to the requirements of the Michigan Persons with Disabilities Civil Rights Act M.C.L 37.1301, *et seq.*

8.   At all times relevant to this complaint, Defendant is the landlords/lessors, tenants/lessees and the owners and operators of the subject hotel, a public accommodation located at/near 689 Super 8 Way, Three Rivers, MI 49093. As such, Defendant is jointly and severally responsible to identify and remove architectural barriers pursuant to Code of Federal Regulations section 36.201(b), which states in pertinent part:

COMPLAINT

**§ 36.201        General**

> (b) Landlord and tenant responsibilities. Both the landlord who owns the building that houses a place of public accommodation and the tenant who owns or operates the place of public accommodations are public accommodations subject to the requirements of this part. As between the parties, allocation of responsibility for complying with the obligations of this part may be determined by lease or other contract.

> CFR §36.201(b)

9.   Plaintiff does not know the true names of Defendant, its business capacities, its ownership connection to the property and business, nor their relative responsibilities in causing the access violations herein complained of. Plaintiff is informed and believes that the Defendant herein is a public accommodation, and is the agent, ostensible agent, master, servant, employer, employee, representative, franchisor, franchisee, partner, and associate, or such similar capacity, of each of the other defendants, if any, and was at all times acting and performing, or failing to act or perform, within the course and scope of his, her or its authority as agent, ostensible agent, master, servant, employer, employee, representative, franchiser, franchisee, partner, and associate, or such similar capacity, and with the authorization, consent, permission or ratification of each of the other defendants, and is responsible in some manner for the acts and omissions of the other defendants in legally causing the violations and damages complained of herein, and have approved or ratified each of the acts or omissions of each other defendant, as herein described.

**PRELIMINARY FACTUAL ALLEGATIONS:**

10. Defendant is the entity that is a public accommodation that owns, leases (or leases to), or operates, a Super 8 by Wyndham hotel, located at 689 Super 8 Way, Three Rivers, MI 49093. The Super 8 by Wyndham hotel and each of its facilities are places "of public

COMPLAINT

accommodation" subject to the requirements of the Americans with Disability Act of 1990 ("TITLE III" AND "ADA"), 42. U.S.C. §§ 12181 *et seq.*, and the Michigan Persons with Disabilities Civil Rights Act M.C.L 37.1301, *et seq.* On information and belief, said facility has undergone "alterations, structural repairs and additions," each of which has subjected the Super 8 by Wyndham hotel to handicapped access requirements.

11. Plaintiff Derek Mortland is a person with a disability. Mr. Mortland is a "physically disabled person," as defined by all applicable Michigan and United States laws. Mr. Mortland is paralyzed and requires the use of a wheelchair for mobility and to travel in public.

12. At all times referred to herein and continuing to the present time, Defendant advertised, publicized and held out the Super 8 by Wyndham hotel as being handicapped accessible and handicapped usable.

13. On or about June 22, 2023, through June 23, 2023, Mr. Mortland was an invitee and guest at the subject Super 8 by Wyndham hotel, arriving for purposes of obtaining lodging.

14.  Upon his arrival, during his patronizing of the public accommodation, and upon his exit of the facility, Mr. Mortland personally encountered architectural barriers which denied him the full and equal access to the property.

15. Therefore, at said time and place, Mr. Mortland, who is a person with disabilities, encountered numerous inaccessible elements of the subject Super 8 by Wyndham hotel which constituted architectural barriers and a denial of the proper and legally required access to a public accommodation to persons with physical disabilities. *By way of example and not as an exhaustive inventory of Defendant's violations*, the following barriers to access were personally encountered by Mr. Mortland within the facility's (1) the parking lot; (2)the main entry area; (3)

COMPLAINT

side entry area; (4) the lobby/ front desk area; (5) room 212; (6) the public restroom; (7) the fitness area; (8) the pool area; (9) the breakfast area; and (10) the other accessible guest rooms.

On personal knowledge, information and belief, other public facilities and elements too numerous to list were improperly inaccessible for use by persons with physical disabilities.

16. At all times stated herein, the existence of architectural barriers at Defendant's place of public accommodation evidenced "actual notice" of Defendant's intent not to comply with the Americans with Disability Act of 1990 ("TITLE III" AND "ADA"), 42. U.S.C. §§ 12181 *et seq.*, and the Michigan Persons with Disabilities Civil Rights Act M.C.L 37.1301, *et seq.*, either then, now or in the future.

17. As a legal result of Defendant's failure to act as a reasonable and prudent public accommodation in identifying, removing or creating architectural barriers, policies, practices and procedures that denied access to plaintiff and other persons with disabilities, plaintiff suffered damages as alleged herein.

18. As a further legal result of the actions and failure to act of Defendant, and as a legal result of the failure to provide proper handicapped-accessible public facilities as set forth herein, Mr. Mortland was denied his civil rights to full and equal access to public facilities. Mr. Mortland suffered a loss of his civil rights and his rights as a person with physical disabilities to full and equal access to public facilities, and further suffered from personal physical injury, shame, humiliation, embarrassment, anger, disappointment and worry, expectedly and naturally associated with a person with physical disabilities being denied access, all to his damages as prayed hereinafter in an amount within the jurisdiction of this court.

19. On information and belief, construction alterations carried out by Defendant has triggered access requirements under Americans with Disability Act of 1990 ("TITLE III" AND

COMPLAINT

"ADA"), 42. U.S.C. §§ 12181 *et seq.*, and the Michigan Persons with Disabilities Civil Rights Act M.C.L 37.1301, *et seq.*

20. Mr. Mortland, as described herein below, seeks injunctive relief to require the Super 8 by Wyndham hotel to be made accessible to meet the requirements of both Michigan law and the Americans with Disabilities Act, whichever is more restrictive, so long as Defendant operates and/or leases the Super 8 by Wyndham hotel as a public facility. Plaintiff seeks damages for violation of his civil rights, from the date of his visit until such date as Defendant brings the establishment into full compliance with the requirements of Michigan and federal law.

21. On information and belief, Defendant has been negligent in its affirmative duty to identify the architectural barriers complained of herein and negligent in the removal of some or all of said barriers.

22. Because of Defendant's violations, Mr. Mortland and other persons with physical disabilities are unable to use public facilities such as those owned and operated by Defendant on a "full and equal" basis unless such facility is in compliance with the provisions of the Americans with Disabilities Act and other accessibility law as plead herein. Plaintiff seeks an order from this court compelling Defendant to make the Super 8 by Wyndham hotel accessible to persons with disabilities.

23. Plaintiff is informed and believes and therefore alleges that Defendant caused the subject property to be constructed, altered and/or maintained in such a manner that persons with physical disabilities were denied full and equal access to, within and throughout said facility of the Super 8 by Wyndham hotel and were denied full and equal use of said public facility. Further, on information and belief, Defendant has continued to maintain and operate said facility in such conditions up to the present time, despite actual and constructive notice to such

COMPLAINT

Defendant that the configuration of the establishment and/or its building(s) are in violation of the civil rights of persons with physical disabilities, such as plaintiff and the disability community. Such construction, modification, ownership, operation, maintenance and practices of such public facilities are in violation of law as stated in Americans with Disability Act of 1990 ("TITLE III" AND "ADA"), 42. U.S.C. §§ 12181 *et seq.* and elsewhere in the laws of Michigan.

24. On information and belief, the subject public facility of the Super 8 by Wyndham hotel denied full and equal access to plaintiff and other persons with physical disabilities in other respects due to noncompliance with requirements of the Michigan Persons with Disabilities Civil Rights Act M.C.L 37.1301, *et seq.*

25. On personal knowledge, information and belief, the basis of Defendant's actual and constructive notice that the physical configuration of the facilities including, but not limited to, architectural barriers constituting the Super 8 by Wyndham hotel was in violation of the civil rights of persons with physical disabilities, such as plaintiff, includes, but is not limited to, communications with invitees and guests, owners of other establishments and businesses, notices Defendant obtained from governmental agencies upon modification, improvement, or substantial repair of the subject premises and other properties owned by the Defendant, newspaper articles and trade publications regarding the Americans with Disabilities Act and other access laws, public service announcements, and other similar information. Defendant's failure, under state and federal law, to make the establishment accessible is further evidence of Defendant's conscious disregard for the rights of plaintiff and other similarly situated persons with disabilities. The scope and means of the knowledge of Defendant are within Defendant's exclusive control and cannot be ascertained except through discovery.

26.      Plaintiff will return to the subject Super 8 by Wyndham hotel to

COMPLAINT

patronize the facility, if it is made fully accessible to a disabled person in a wheelchair, and to also avail himself of the hotel's services.

29.     Should the Super 8 by Wyndham hotel become accessible, Mr. Mortland will visit it again because he will travel to Southwest Michigan in the spring and early fall 2024.

30.     Furthermore, plaintiff intends to return to the Super 8 by Wyndham hotel in 2024 to ascertain whether Defendant removed the barriers to access which are the subject of this litigation.

## I.     FIRST CAUSE OF ACTION FOR DENIAL OF ACCESS BY A PUBLIC ACCOMMODATION IN VIOLATION OF THE AMERICANS WITH DISABILITIES ACT OF 1990 (42 U.S.C. §12101, *et seq.*)

31.     Plaintiff pleads and incorporates by reference, as if fully set forth again herein, the allegations contained in paragraphs 1 through 30 of this complaint.

32.     Pursuant to law, in 1990, the United States Congress made findings per 42 U.S.C. §12101 regarding persons with physical disabilities, finding that laws were needed to more fully protect:

> some 43 million Americans with one or more physical or mental disabilities; [that] historically society has tended to isolate and segregate individuals with disabilities; [that] such forms of discrimination against individuals with disabilities continue to be a serious and pervasive social problem; [that] the nation's proper goals regarding individuals with disabilities are to assure equality of opportunity, full participation, independent living and economic self-sufficiency for such individuals; [and that] the continuing existence of unfair and unnecessary discrimination and prejudice denies people with disabilities the opportunity to compete on an equal basis and to pursue those opportunities for which our free society is justifiably famous.

33. Congress stated as its purpose in passing the Americans with Disabilities Act of 1990 (42 U.S.C. §12102):

> It is the purpose of this act (1) to provide a clear and

COMPLAINT

comprehensive national mandate for the elimination of discrimination against individuals with disabilities; (2) to provide clear, strong, consistent, enforceable standards addressing discrimination against individuals with disabilities; (3) to ensure that the Federal government plays a central role in enforcing the standards established in this act on behalf of individuals with disabilities; and (4) to invoke the sweep of Congressional authority, including the power to enforce the 14th Amendment and to regulate commerce, in order to address the major areas of discrimination faced day to day by people with disabilities.

34.     As part of the Americans with Disabilities Act of 1990, (hereinafter the "ADA"), Congress passed "Title III - Public Accommodations and Services Operated by Private Entities" (Section 301 42 U.S.C. §12181, *et seq*.). Among the public accommodations identified for purposes of this title was:

(7) PUBLIC ACCOMMODATION - The following private entities are considered public accommodations for purposes of this title, if the operations of such entities affect commerce -
. . .
(A) an inn, hotel, motel, or other place of lodging ***;

42  U.S.C. §12181(7)(A).

35. Pursuant to §302, 42 U.S.C. §12182, "No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases, or leases to, or operates a place of public accommodation."

36. The specific prohibitions against discrimination set forth in §302(b)(2)(a), 42 U.S.C. §12182(b)(2)(a) are:

(i) the imposition or application of eligibility criteria that screen out or tend to screen out an individual with a disability or any class of individuals with disabilities from fully and equally enjoying any goods, services, facilities, privileges, advantages, or accommodations, unless such criteria can be shown to be necessary for the provision of the goods, services, facilities, privileges, advantages, or accommodations being offered;

COMPLAINT

(ii) a failure to make reasonable modifications in policies, practices, or procedures, when such modifications are necessary to afford such goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities, unless the entity can demonstrate that making such modifications would fundamentally alter the nature of such goods, services, facilities, privileges, advantages, or accommodations;

(iii) a failure to take such steps as may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services, unless the entity can demonstrate that taking such steps would fundamentally alter the nature of the good, service, facility, privilege, advantage, or accommodation being offered or would result in an undue burden;

(iv) a failure to remove architectural barriers, and communication barriers that are structural in nature, in existing facilities . . . where such removal is readily achievable; and

(v) where an entity can demonstrate that the removal of a barrier under clause (iv) is not readily achievable, a failure to make such goods, services, facilities, privileges, advantages or accommodations available through alternative methods if such methods are readily achievable.

37. The acts of Defendant set forth herein were a violation of plaintiff's rights under the ADA, 42. U.S.C. §§ 12181 *et seq.*, and the Michigan Persons with Disabilities Civil Rights Act M.C.L 37.1301, *et seq.*, making available damage remedies.

38. The removal of the barriers complained of by plaintiff as hereinabove alleged was at all times after January 26, 1992 "readily achievable" as to the subject Super 8 by Wyndham hotel pursuant to 42 U.S.C. §12182 (b)(2)(A)(i)-(iv). On information and belief, if the removal of all the barriers complained of herein together was not "readily achievable," the removal of each individual barrier complained of herein was "readily achievable." On information and belief, Defendant's failure to remove said barriers was likewise due to

COMPLAINT

discriminatory practices, procedures and eligibility criteria, as defined by §302(b)(2)(a)(i)-(iii); 42 U.S.C. §12182 (b)(2)(A)(i).

39. Per §301(9), 42 U.S.C. §12181 (9), the term "readily achievable" means "easily accomplishable and able to be carried out without much difficulty or expense." The statute defines relative "expense" in part in relation to the total financial resources of the entities involved. Plaintiff alleges that properly repairing, modifying, or altering each of the items that plaintiff complains of herein were and are "readily achievable" by the Defendant under the standards set forth under §301(9) of the Americans with Disabilities Act. Further, if it was not "readily achievable" for Defendant to remove each of such barriers, Defendant has failed to make the required services available through alternative methods which were readily achievable.

40. On information and belief, construction work on, and modifications of, the subject Super 8 by Wyndham hotel occurred after the compliance date for the Americans with Disabilities Act, January 26, 1992, independently triggering access requirements under Title III of the ADA.

41. On information and belief the subject Super 8 by Wyndham was constructed in 2001.

42. Pursuant to the Americans with Disabilities Act of 1990, 42 U.S.C. §12188, *et seq*., §308, plaintiff is entitled to the remedies and procedures set forth in §204(a) of the Civil Rights Act of 1964, 42 U.S.C. 2000(a)-3(a), as plaintiff is being subjected to discrimination on the basis of disability in violation of this title or has reasonable grounds for believing that he is about to be subjected to discrimination in violation of §302. Plaintiff cannot return to or make use of the public facilities complained of herein so long as the premises and Defendant's policies bar full and equal use by persons with physical disabilities.

43. Per §308(a)(1) (42 U.S.C. 12188), "Nothing in this section shall require a person

COMPLAINT

with a disability to engage in a futile gesture if such person has actual notice that a person or

organization covered by this title does not intend to comply with its provisions." Pursuant to this

last section, plaintiff has not returned to Defendant's premises since on or about February 6,

2023, through February 7, 2023, but alleges that Defendant has continued to violate the law and

deny the rights of plaintiff and of other persons with physical disabilities to access this public

accommodation. Pursuant to §308(a)(2), "In cases of violations of §302(b)(2)(A)(iv) . . .

injunctive relief shall include an order to alter facilities to make such facilities readily accessible

to and usable by individuals with disabilities to the extent required by this title."

44. Plaintiff seeks relief pursuant to remedies set forth in §204(a) of the Civil Rights

Act of 1964 (42 U.S.C. 2000(a)-3(a)), and pursuant to federal regulations adopted to implement

the Americans with Disabilities Act of 1990, including but not limited to an order granting

injunctive relief and attorneys' fees. Plaintiff will seek attorneys' fees conditioned upon being

deemed to be the prevailing party.

45. Plaintiff seeks damages pursuant to the Michigan Persons with Disabilities Civil Rights

Act M.C.L 37.1301, *et seq.*, which provide, within the statutory scheme, that a violation of the

ADA and/or Michigan's accessibility standards is a violation of Michigan law.

Wherefore, plaintiff prays for relief and damages as hereinafter stated.

## II.  SECOND CAUSE OF ACTION FOR DENIAL OF FULL AND EQUAL ACCESS IN VIOLATION OF THE MICHIGAN PERSONS WITH DISABILITIES CIVIL RIGHTS ACT M.C.L 37.1301, ET SEQ.

46. Plaintiff repleads and incorporates by reference as if fully set forth again herein,

the allegations contained in paragraphs 1 through 50 of this complaint.

47. At all times relevant to this action, the Super 8 by Wyndham hotel and the

business therein, are "places of public accommodation" pursuant to M.C.L. 37.1301(a).

COMPLAINT

48. Defendant committed an unlawful act pursuant to M.C.L. 37.1302(a) by denying Plaintiff his full and equal enjoyment of its goods, services, accommodations, advantages, facilities, or privileges at its place of public accommodation because of a disability, as prohibited by M.C.L. 37.1302.

49. Plaintiff has desired and attempted to enjoy the goods and services at the Super 8 by Wyndham hotel as a customer. He has been prevented from doing so do to the existing architectural barriers at the property. As a result, he has been distressed and inconvenienced thereby, and is entitled to monetary damages for his injuries, as provided for in M.C.L. 37.1606.

50. As a result of being denied full access to the property, Plaintiff has suffered, and will continue to suffer, emotional distress, humiliation, anxiety, anger, a loss of enjoyment of life, and other consequential and incidental damages.

51. Pursuant to Michigan law, plaintiff is entitled to compensatory damages, and attorney fees and costs, in an amount to be determined at trial, but in any event not less than $25,000.00, as well as issuance of an injunction requiring Defendant to allow full and equal enjoyment of its goods, services, facilities, privileges, and advantages to disabled persons.

Wherefore, plaintiff prays for relief and damages as hereinafter stated.

**PRAYER:**

Wherefore, Plaintiff Derek Mortland prays that this court grant relief and damages as follows:

I.    **PRAYER FOR FIRST CAUSE OF ACTION FOR DENIAL OF ACCESS BY A PUBLIC ACCOMMODATION IN VIOLATION OF THE AMERICANS WITH DISABILITIES ACT OF 1990 (42 U.S.C. §1 2101, et seq.)**

1.    For injunctive relief, compelling Defendant to make the Super 8 by Wyndham hotel, readily accessible to and usable by individuals with disabilities; and to make reasonable

COMPLAINT

modifications in policies, practice, eligibility criteria and procedures so as to afford full access to the goods, services, facilities, privileges, advantages and accommodations being offered.

2.      For attorneys' fees, litigation expenses and costs of suit, if plaintiff is deemed the prevailing party; and

3.      For such other and further relief as the court may deem proper.

I.      **PRAYER FOR SECOND CAUSE OF ACTION FOR DENIAL OF FULL AND EQUAL ACCESS IN VIOLATION OF THE MICHIGAN PERSONS WITH DISABILITIES CIVIL RIGHTS ACT M.C.L 37.1301, *ET SEQ.***

4.      For injunctive relief, compelling Defendant to make the Super 8 by Wyndham hotel, readily accessible to and usable by individuals with disabilities, per state law.

5.      General and compensatory damages according to proof;

6.      All damages for each day, from the inception of the filing of this complaint, on which Defendant have failed to remove barriers which denied plaintiff and other persons with disabilities full and equal access.

7.      Attorneys' fees pursuant to Michigan law, if plaintiff is deemed the prevailing party;

8.      For all costs of suit;

9.      Prejudgment interest pursuant to Michigan law; and

10.     Such other and further relief as the court may deem just and proper.

Respectfully submitted,

The Meeker Group, LLC

/s/ *COLIN G. MEEKER*
COLIN G. MEEKER (Ohio Bar No. 0092980)
2991 Millboro Road
Silver Lake, OH 44224
Telephone: (330) 603-7173
TheMeekerGroup@outlook.com

COMPLAINT

Attorney for Plaintiff Derek Mortland

COMPLAINT